NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**OASIS TOOLING, INC.,**
*Plaintiff-Appellant*

**v.**

**SIEMENS INDUSTRY SOFTWARE INC.,
GLOBALFOUNDRIES U.S. INC.,**
*Defendants-Appellees*

---

2024-2085, 2024-2086

---

Appeals from the United States District Court for the District of Delaware in Nos. 1:22-cv-00151-CJB, 1:22-cv-00312-CJB, Magistrate Judge Christopher J. Burke.

---

Decided:  February 26, 2026

---

AARON M. FRANKEL, Herbert Smith Freehills Kramer (US) LLP, New York, NY, argued for plaintiff-appellant. Also represented by PAUL J. ANDRE, JAMES R. HANNAH, LISA KOBIALKA, Redwood Shores, CA.

GABRIEL K. BELL, Latham & Watkins LLP, Washington, DC, argued for defendants-appellees.  GlobalFoundries U.S. Inc. also represented by BRETT MATTHEW SANDFORD, San Francisco, CA; DANIEL STEPHENSON TODD,

2     OASIS TOOLING, INC. v. SIEMENS INDUSTRY SOFTWARE INC.

Austin, TX; JOSEPH C. AKALSKI, CLEMENT J. NAPLES, Cleary, Gottlieb, Steen & Hamilton LLP, New York, NY; SRINIVAS GIRIRAJ PATHMANABAN, Palo Alto, CA; THOMAS YEH, San Francisco, CA.

JASON M. WILCOX, Kirkland & Ellis LLP, Washington, DC, for defendant-appellee Siemens Industry Software Inc. Also represented by STEPHEN DESALVO, GREGG F. LOCASCIO, MICHAEL A. PEARSON, JR.; JOHN D. VANDENBERG, Klarquist Sparkman, LLP, Portland, OR.

———————————

Before LOURIE, PROST, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Oasis Tooling, Inc. ("Oasis") appeals from the district court's grant of summary judgment of patent ineligibility under 35 U.S.C. § 101. *Oasis Tooling, Inc. v. Siemens Indus. Software, Inc.*, No. CV 22-151-CJB, 2024 WL 3273539. (D. Del. July 2, 2024). We *affirm.*

I

Oasis sued Siemens Industry Software Inc. and GlobalFoundries U.S. Inc. (collectively, "GF") for infringement of its U.S. Patents 7,685,545 ("the '545 patent") and 8,266,571 ("the '571 patent").[1] The patents are directed to the "identification of similarities and differences among parts of" semiconductor chips. '545 patent col. 3, ll. 5–6. Semiconductor chip designs are comprised of smaller parts called cells, which can be created using different computer programming languages. Often, different cells are created

———————————

[1]     Oasis asserted claims 1–4, 6, 10–12, 14 and 17–20 of the '545 patent and claims 1–5, 7, 10–13, 15 and 16 of the '571 patent against Siemens. Oasis asserted claims 1–3, 6, 14 and 20 of the '545 patent and claims 1–3, 5, 7, 12, 15 and 16 of the '571 patent against GF.

by different entities. At the time of the invention, conventional tools for designing semiconductor chips had a recurring problem: they were unable to recognize when cells were functionally the same but just differently expressed. The patents sought to address that problem by standardizing the programming languages of the different cells before making a comparison.

Claim 14 of the '545 patent was stated by the district court to be representative of the asserted claims and reads as follows:

> 14. A device that evaluates similarities and/or differences between design data for circuits, the design data residing in at least two files stored in computer memory, the device including:
>
> at least one processor and memory;
>
> a parser running on the processor, that parses a file containing design data representing aspects of a design for a physical circuit and creates one or more syntax trees in the memory;
>
> normalizer logic running on the processor and co-operating with the parser that organizes the syntax trees to produce canonical forms, wherein the normalizer logic includes:
>
> a partitioning module that partitions the file into at least one header and, depending on rules of a design language used to encode the file, into multiple cells of design data and organizes the syntax trees to represent the header and cell partitions; and
>
> a canonical forming module that interprets the syntax trees to produce canonical forms of the design data, wherein the canonical forms reduce sensitivity of data analysis to non-functional variations in the design data;

a digester module running on the processor that receives the canonical forms for at least selected partitions and calculates and stores in the memory at least one digest per selected partition;

a comparer module running on the processor that receives and compares the digests of at least a first file and a second file, which contain design data; and

a reporter module running on the processor and coupled to the digester that summarizes at least some of the matches and/or differences detected by the comparisons of digests.

'545 patent col. 85, l. 40–col. 86, l. 14.

At the district court, GF moved for summary judgment, asserting that all asserted claims of the '545 and '571 patents are directed to ineligible subject matter under 35 U.S.C. § 101 and therefore invalid. The district court granted the motion. Oasis timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

To determine whether a claim is patent ineligible under § 101, the Supreme Court has established a two-step framework. First, we must "determine whether the claims at issue are directed to a patent-ineligible concept." *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014). Second, if the claims are directed to patent-ineligible subject matter, we must "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo Collab. Servs. v. Prometheus Laby's., Inc.*, 566 U.S. 66, 78–79 (2012)). Step two of the analysis has

been described as a search for an "inventive concept." *Id.* (quoting *Mayo*, 566 U.S. at 72–73).

We conclude that claim 14 is directed to an abstract idea at step 1. Claim 14 is directed to a device for analyzing data to identify similarities and differences between design data for semiconductor chips. *See* '545 patent col. 85, l. 40– col. 86, l. 14. That function is a process "that can be performed in the human mind" and is therefore directed to an abstract idea. *PersonalWeb Techs. LLC v. Google LLC*, 8 F.4th 1310, 1316 (Fed. Cir. 2021) (computer program that only automates human mental activities directed to abstract idea) (citations omitted). It is immaterial to the patent eligibility analysis that human minds are unable to parse, standardize, and digest the data like a computer in doing so. *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014).

We now turn to the second step. When determining whether the claims recite an inventive concept, we must determine whether the claims add something "apart from" the abstract idea. *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1349 (Fed. Cir. 2019). Claim 14 additionally cites components of a computer apart from the abstract idea—*e.g.*, a "parser," "normalizer," etc. But the specification provides no specifics regarding the computer components. *See* '545 patent col. 81, ll. 47–52 (the devices use "program code that, when combined with a processor and memory, creates any of the devices described"). In addition, using generic computer components to standardize and compare data is insufficient to provide an inventive concept at step 2. *E.g.*, *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1341–42 (Fed. Cir. 2017). Claim 14 thus fails step 2.

Accordingly, the district court correctly granted GF's motion for summary judgment that claim 14 and all of the

6     OASIS TOOLING, INC. v. SIEMENS INDUSTRY SOFTWARE INC.

asserted claims of both patents are directed to patent-ineligible subject matter.  Those claims are thus invalid.

**AFFIRMED**